## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| PEABODY MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No.: 07-2675-BBD-dkv |
| PEABODY PAINTING AND | ) | |
| WATERPROOFING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PEABODY PAINTING AND WATERPROOFING, INC.'S
## FIRST SET OF INTERROGATORIES TO
## PLAINTIFF PEABODY MANAGEMENT, INC.

Pursuant to the provisions of Rules 26 and 33, of the Federal Rules of Civil Procedure,

Defendant Peabody Painting and Waterproofing, Inc. ("Peabody Painting") hereby requests that

Plaintiff Peabody Management, Inc. ("Peabody Management") answer the following

Interrogatories. The following Interrogatories are to be answered separately and fully in writing,

under oath, where appropriate, with a copy of such Answers to be served upon counsel for

Peabody Painting within thirty days of the date of service hereof.

Answer each part of each Interrogatory whether numerical paragraph or subparagraph,

separately and fully.  If you object to an Interrogatory, or any portion thereof, specify the

Interrogatory or portion thereof and every ground and reason for objection thereto.

Answers to these Interrogatories shall be responsive to the date on which the Answers

hereto are filed or served.  These Interrogatories are continuing in nature and Peabody

Management is required to provide such additional information as Peabody Management, its

attorney, or anyone acting on behalf of Peabody Management or in concert with Peabody

Management, may have or may obtain between the time its Answers are served and the time of trial.

DEFINITIONS AND INSTRUCTIONS

1.      The terms "Plaintiff" "Peabody Management," "you," or "your" mean Peabody Management, Inc., its subsidiaries, owners, joint venture partners, present and former officers, agents, directors and all other persons acting or purporting to act on behalf of Peabody Management, including all past or present employees, or any such person or persons individually or in any combination.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, division, agency, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

3.      The term "documents" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts and both sides thereof, whether different from the original by reason of any notation made on such copy or otherwise, and including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, bulletins, notices, announcements, charts, manuals, brochures, pamphlets, schedules, notes, reports, studies, surveys, books, transcripts, minutes, evaluations, analyses, summaries, records and recordings of telephone or other conversations, statements, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input or output, ledgers, invoices, worksheets, receipts, prospectuses, financial statements, accounting records, tax returns, canceled checks, opinions or reports of consultants, records or summaries of

2

negotiations, contracts, magazine or newspaper articles, releases, advertisements (as used herein the term "advertisement" shall mean every means employed in promoting or publicizing Peabody Managements' or Peabody Painting's goods, services and/or business, including, without limitation, signs, labels, displays, tags, containers, television/radio commercials, leaflets, brochures, publications, catalogs, direct mail circulars, and advertising literature of every other kind), and all drafts, alterations and modifications, changes and amendments of any of the foregoing, graphic or aural records or representations of any kind, including, without limitation, photographs, photographic negatives, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical recordings, or representations of any kind (including, without limitation tapes, cassettes, discs, and recordings).

4.      The term "documents" also includes all writings as defined in Rule 1001 of the Federal Rules of Evidence.

5.      The phrase "all documents" means every document, as defined above, known to Peabody Management and every such document that can be located or discovered by reasonably diligent efforts undertaken by or on behalf of Peabody Management.

6.      The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, without limitation, correspondence, conversations, dialogues, discussions, interviews, meetings, consultations, agreements, and other understandings between or among two or more people.

7.      The terms "relating" and "referring" to any given subject mean disclosing, describing, confirming, supporting, evidencing, representing, constituting, comprising, containing, embodying, reflecting, identifying, stating, showing, pertaining directly or indirectly to, dealing with, or in any way relevant within the meaning of Rule 26, Fed.R.Civ.P.

8.      The term "concerning" means referring to, responding to, relating to, connected with, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying, and constituting.

9.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

10.     The term "the Marks" refers to any representation or reference to "duck" or "ducks" and the "Peabody" name which you contend is famous or which you contend has been infringed by Peabody Painting.

11.     When knowledge or information is requested of Peabody Management, such request includes knowledge of Defendant's employees, officers, directors, agents, servants, representatives, attorneys, and accountants.

12.     When an Interrogatory calls for an answer which will include the name or identification of a person who is an individual, this person should be identified as follows:

(a)     by name;

(b)     last known home address;

(c)     last known business address; and

(d)     name of employer and position or title.

13.     When an Interrogatory calls for an answer or identification which will include the name of a person who is an individual proprietorship, partnership, corporation, association, organization, or other entity, this person should be identified as follows:

(a)     by name;

(b)     current business address;

(c)     type of entity; and

(d)      jurisdiction of organization.

14.      When an Interrogatory calls for the identification of a document, the response

should include the following:

(a)      the type of document;

(b)      its date;

(c)      its subject matter;

(d)      the identity of each person who originated the document or had any input
         into the document;

(e)      the identity of each person who received copies; and

(f)      the identity of the person who now has custody of such document

15.      Whenever an Interrogatory calls for the identification of any litigation or

proceeding, please separately set forth the following:

(a)      the court or other forum;

(b)      the Civil Action Number or other means of identifying the litigation or
         proceeding;

(c)      the parties and attorneys involved in the litigation or proceeding;

(d)      the date of commencement of the litigation or proceeding;

(e)      a brief summary and characterization of issues involved in the litigation or
         proceeding;

(f)      the mark(s), trade dress or copyright(s) involved, if any, in the litigation or
         proceeding;

(g)      the current status of such litigation or proceeding;

(h)      the resolution, if any, of such litigation of proceeding;

(i)      a complete citation of all reported and unreported decisions resulting from the
         litigation or proceeding; and

(j)      if any such litigation or proceeding was not fully prosecuted, the reason why.

16.     If a privilege is claimed with respect to any information requested, please provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for the purposes of a motion to compel a response or production of each item of information, document or thing, separately, with respect to which you claim a privilege, and furnish all information requested in Paragraph M above. If you claim any documents are privileged, for each such document please:

(a)     identify and describe each such document by date, author, and recipient;

(b)     identify each person, and his or her job title, (other than stenographic or clerical assistance) participating in the preparation of the document;

(c)     identify each person to whom the contents of the document have been communicated by copy, exhibition, reading, or summarization;

(d)     provide a brief summary of its contents;

(e)     state the privilege or privileges in sufficient detail so that the United States District Court, or other judicial entity, may adjudicate the validity of the claim. You are required to set forth as to any document for which privilege, attorneys' work product or trial preparation materials is claimed: the nature of the privilege claimed, the grounds relied upon for the claim of privilege (with specificity), the person who claims the privilege and whether there has been any waiver of the privilege. If there has been a waiver, provide a detailed description of the circumstances surrounding the waiver; and

(f)     identify the paragraph of this Interrogatory to which the document responds.

17.     Whenever an Interrogatory requests that Peabody Management "describe in detail" any occurrence, communication, or circumstance, please furnish the following information as to each occurrence, communication or circumstance:

(a)     the date(s):

(b)     location;

(c)     full identification of all parties, individuals, and/or entities involved;

(d)     specific actions or events involved in the occurrence, communication, or circumstance; and

(e)     identify with specificity each document relating to such occurrence, communication or circumstance in accordance with the instructions contained in Paragraph M above.

18.     As used herein, unless otherwise indicated, the single shall always include the plural, and the present tense shall always include the past tense, and vice versa.

19.     A masculine, feminine, or neutral pronoun shall not exclude other genders.

20.     This request is a continuing request for all information and documents which are described below which may hereafter come into Defendant's possession, custody, or control.

21.     Unless otherwise specified herein, these discovery requests seek information generated, prepared, received or learned for the period from the date of 2000, to the date of Peabody Management's responses, subject to the duty to supplement.

## CONTINUING REQUEST

These Interrogatories shall be deemed continuing so as to require prompt further and supplemental answers if you become aware of additional information which is responsive to these requests at any time prior to trial.

## INFORMATION PREVIOUSLY REQUESTED

To the extent these Interrogatories call for information that was previously requested and furnished in the TTAB proceeding styled *Peabody Management, Inc. v. Peabody Painting and Waterproofing, Inc.*, Opposition No. 91170179, such information need not be furnished again.

## INTERROGATORIES

INTERROGATORY NO. 1:  Identify each officer and managing agent of the Peabody Management giving each officer's and managing agent's name, address, title and duties with respect to Peabody Management.

ANSWER:

INTERROGATORY NO. 2:  Indicate each state, county or city (including the District of Columbia) in the United States, its territories and possessions, in which Peabody Management:

 (a) is organized as a corporation;

 (b) is qualified under applicable law to do business as a foreign corporation;

 (c) is presently doing business, either directly or indirectly, or selling, either directly or indirectly, the products;

 (d) maintains its corporate headquarters (include exact street address of Applicant's main office);

 (e) maintains, owns or leases office space; and

 (f) "identify" each "person" for which an answer is supplied in parts (a)-(e) hereof.

ANSWER:

INTERROGATORY NO. 3:  Identify any persons you have talked with or contacted about this case, including without limitation, customers and employees of Peabody Painting.

ANSWER:

INTERROGATORY NO. 4:  "Identify" each owner or each "person" having or having had any right to use the Marks, and through or under which Peabody Management claims any rights in any such mark in this proceeding.

ANSWER:

INTERROGATORY NO. 5:  State whether Peabody Management has received any inquiries as to whether its services provided or furnished under any of the designations of the Marks are associated with, sponsored by, or in any manner connected with Peabody Painting.

ANSWER:

INTERROGATORY NO. 6:  If the answer to Interrogatory No. 5 is other than a categorical unqualified negative:

 1. Identify the party making each such inquiry;

 2. State the date of each such inquiry;

 3. Identify the party to whom each such inquiry was made;

 4. Identify and produce any documents evidencing, referring or relating to each such inquiry.

ANSWER:

INTERROGATORY NO. 7:  Is Peabody Painting and/or any of the persons identified in the answer to Interrogatory No. 6 aware of any incidents in which there is any reason to believe that there has been actual confusion between the Peabody Painting marks and any of the Marks? If so, identify all documents and set forth all facts relating to each such incident including the identity of the parties or persons involved.

ANSWER:


INTERROGATORY NO. 8:  Has Peabody Management and/or any of the persons identified in the answer to Interrogatory No. 7 represented to any third party that it or any of its services provided under the designation of the Marks is or is not associated with Peabody Painting? As to each such representation:

1.      Identify the person making the representation.

2.      Identify the person to whom the representation was made.

3.      State the date of the representation.

4.      State the substance of the representation.

5.      Identify and produce all documents relating to the representation.

ANSWER:


INTERROGATORY NO. 9:  State in round numbers the actual advertising expenditure of Peabody Management for each of the years 2000 to the present relating to services provided or furnished in the United States and bearing the words Peabody and representation of a duck or ducks.

ANSWER:


INTERROGATORY NO. 10:  State whether Peabody Painting and/or any of the persons identified in the answer to Interrogatory No. 7 has licensed or granted authority to any persons to furnish goods or services under the Marks, and if so identify all such persons and the goods

covered by each such license and produce all documents evidencing or relating to each such license agreement.

ANSWER:

INTERROGATORY NO. 11:  Identify any lawsuit, Trademark Office opposition or cancellation proceeding (other than the proceeding between Peabody Management and Peabody Painting) in the United States attempted, contemplated or initiated involving or relating to the use or registration of a DUCK mark and/or the PEABODY name.

ANSWER:

INTERROGATORY NO. 12:  If the answer to Interrogatory No. 11 is affirmative, set forth the following concerning each such litigation or proceeding.

1.      Identify each actual or potential adversary and the trademarks involved;

2.      State its case docket number and filing date, and identify the tribunal involved;

3.      State its outcome; and

4.      Identify all documents referring or relating to such action, litigation or proceeding and ensuing negotiations, if any.

ANSWER:

INTERROGATORY NO. 13:   Identify all documents upon which Peabody Management will rely to establish the Marks are famous because they are widely recognized by the general

consuming public of the United States as a designation of source of the goods or services of Peabody Management.

ANSWER:

INTERROGATORY NO. 14:  Identify all persons who participated in any way in the preparation of the answers or responses to these interrogatories and state specifically, with reference to interrogatory numbers, the area of participation of each such person.

ANSWER:

INTERROGATORY NO. 15:  Identify each and every instance of which you are aware of actual confusion caused by the use by Peabody Painting of your marks, and each and every fact that supports your allegation that the Peabody Painting's use of your marks is likely to cause confusion.

ANSWER:

INTERROGATORY NO. 16:  Identify any facts and circumstances to support any claim of tarnishment of Peabody Management's reputation or blurring of Peabody Management's Marks.

ANSWER:

INTERROGATORY NO. 17:  Identify any persons or entities which to your knowledge provide hotel services, as well as painting or waterproofing services to third parties.

ANSWER:


INTERROGATORY NO. 18:  Describe how Peabody Paintings' use of its mark impairs the distinctiveness of the Mark.

ANSWER:


INTERROGATORY NO. 19:  Identify all damages that you have suffered as a result of the Peabody Painting's use of your trademarks. Specifically, please identify the type of damages, the amount of damages, any individuals with knowledge of the damages, and each and every fact that supports your allegation that any harm is irreparable.

ANSWER:


INTERROGATORY NO. 20:  To the extent you have information previously requested in the TTAB proceeding which has not been identified or furnished to Peabody Painting, please identify the interrogatory by number and the information that you have regarding said interrogatory.

ANSWER:

INTERROGATORY NO. 21:  Identify all facts and circumstances which to your knowledge indicate that Peabody Painting's use of its mark was intended to crate an association with Peabody Management.

ANSWER:

Respectfully submitted,


s/Amy B. Berge/
Amy B. Berge
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
Louisville, Kentucky 40202
Direct:  (502) 587-3707
Fax:  (502) 540-2268
abb@gdm.com

Charles F. Morrow
BUTLER, SNOW, O'MARA, STEVENS &
    CANNADA, PLLC
P.O. Box 171443
Memphis, Tennessee 38187
Direct: (901) 680-7317
chip.morrow@butlersnow.com

COUNSEL FOR DEFENDANT PEABODY
PAINTING AND WATERPROOFING, INC.

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of the foregoing **Answers, Responses and Objections to Plaintiff's First Set of Interrogatories** was served via hand delivery on this 28th day of August, 2008, to the following:

Grady M. Garrison, Esq.
Baker Donelson, Bearman, Caldwell &
    Berkowitz,  PC
165 Madison Avenue
First Tennessee Building
Memphis, Tennessee 38103
Telephone:  (901) 526-2000
Facsimile:  (901) 577-2303
ggarrison@bakerdonelson.com

COUNSEL FOR PLAINTIFF

Belinda J. Scrimenti
Jared D. Solovay
Ashley A. Iacullo
Pattishall, McAuliffe, Newbury,
    Hilliard & Geraldson LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone:  (312) 554-8000
Facsimile:  (312) 554-8015
bascrimenti@pattishall.com

COUNSEL FOR PLAINTIFF

s/Amy B. Berge
COUNSEL FOR DEFENDANT PEABODY
PAINTING AND WATERPROOFING, INC.

2966001_2.doc